UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAURICIO MARTINEZ                                                             Plaintiff

v.                                                    Civil Action No. 3:19-cv-P418-RGJ

J. GOLDMAN                                                          Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Mauricio Martinez filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He names as Defendant LMDC Corrections Officer J. Goldman in his individual and official capacities. He alleges that on May 23, 2019, Defendant threw Plaintiff on the floor, punched him in the side and back of his head, put him in a choke hold, "and continue punching my head multiple times more." Plaintiff states that he "was not resisting at all and he keep on trowing punches on my head and choking me hard that I almos lost conscientiousness." He states that his head is swollen and hurts, that his jaw hurts, and that "the pain is unbelievable." Plaintiff further states that he "didn't do anything to Officer J. Goldman to make him beat me up." He states that he does not feel safe in LMDC because of the corrections officers. Plaintiff alleges that Defendant "has something personal against me because when he was punchin me, he

keep on saying that he was not the 'person that I kill.' This was his words. [']I'm not the little girl that you kill m.f.['] and keep on punching me hard in till Sgt. Walker grab his arm is wen he kinda stop." Plaintiff states his belief that if Sgt. Walker had not been there, Defendant "wold beat me til death."

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Official-capacity claim

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166

2

(1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, the official-capacity claim against Defendant is in actuality brought against his employer, Jefferson County.

When a § 1983 claim is made against a municipality, in this case Jefferson County, a court must analyze not only whether the plaintiff's harm was caused by a constitutional violation but also, if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  Here, it is clear that the municipality is not responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of*

3

*Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff has not alleged a policy or custom of Jefferson County related to the allegations in the complaint. Plaintiff's official-capacity claim will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim*

The Court will allow Plaintiff's claim of excessive force against Defendant in his individual capacity to continue.

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claim against Defendant is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim, *i.e.*, Plaintiff's individual-capacity, excessive-force claim against Defendant. In allowing this claim to continue, the Court expresses no opinion on the ultimate merit of this claim.

Date: July 12, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
A961.009

4